UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| $42,220.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $42,220.00 in United States currency, Defendant in rem, and alleges the following statements.

### *Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

### *Defendant in Rem*

2. Defendant in rem is approximately $42,220.00 in United States currency that was seized from Hakim Jabbar Al-Muhaifeed, on January 4, 2012, at the George Bush Intercontinental Airport in Houston, Texas.  The funds are presently in the custody of the U.S. Department of Homeland Security in the Southern

Page 1 of 5

District of Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas,
>
> b. the property was found in the Southern District of Texas, and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States.  These statutes state that:

> a) a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
> b) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316.  31 U.S.C. § 5324(c)(1);

c) no person shall, for the purpose of evading the reporting
requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C.
§ 5316 that contains a material omission or misstatement of fact. 31
U.S.C. § 5324(c)(2).

*Facts*

6. On January 4, 2012, Mr. Hakim Jabbar Al-Muhaifeed was preparing to

leave the United States and was in the process of boarding Qatar Airways flight 78

to Doha, Qatar. During a routine outbound customs inspection, U.S. Customs and

Border Protection Officer, (CBP Officer), Augustin Hernandez III asked Mr.

Al-Muhaifeed if he was traveling alone or with family. Mr. Al-Muhaifeed stated

that he was traveling with his two brothers and a cousin. CBP Officer Hernandez

III then asked Mr. Al-Muhaifeed if he was transporting more than $10,000 in any

monetary instruments for himself or anyone else to which Mr. Al-Muhaifeed

responded he had $10,000. CBP Officer Hernandez III then explained to Mr.

Al-Muhaifeed that it is not illegal for a passenger or the whole family to carry or

transport more than $10,000, but under 31 U.S.C. § 5316, they must report the

accurate currency amount to Customs and Border Protection. Mr. Al-Muhaifeed

signed a FinCEN Form 105 indicating that he was in possession of $10,000. He

was then directed toward the inspection table for baggage exam and currency

verification.

7. At the inspection table, CBP Officers David Boyd asked Mr. Al-Muhaifeed if the baggage he was carrying belonged to him to which Mr. Al-Muhaifeed answered "Yes". Officer Boyd then asked if he took full responsibility for everything within his luggage, to which he also stated "Yes". During the examination of Mr. Al-Muhaifeed's luggage, Officer Boyd found two envelopes containing $20,000. CBP Officer Hernandez III asked Mr. Al-Muhaifeed to remove his coat, and upon inspection of the inner pocket of the coat, another two envelopes were discovered containing an additional $20,000. A total of $40,000 was found in Mr. Al-Muhaifeed's possession during the luggage inspection.

8. A pat down on Mr. Al-Muhaifeed was conducted by CBP Officers with positive results for additional unreported currency. The pat down revealed another $2,220 which was discovered in his pant pocket. CBP officers seized all of the funds for forfeiture.

### Relief Requested

9. Plaintiff requests:

(a) that the Clerk of the Court issue an arrest warrant because the property is in the government's possession pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

(b) a judgment of forfeiture, and

(c) costs and other relief to which the Plaintiff may be entitled.

Date February 14, 2012.

Respectfully submitted,

Kenneth Magidson
United States Attorney

By: s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208
E-mail: albert.ratliff@usdoj.gov
Office: (713) 567-9579
Fax: (713) 718-3300

*Verification*

I, Minh Tran, Special Agent, United States Homeland Security

Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746

that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated

in this complaint are true and correct to the best of my knowledge and belief.

Executed on February 14, 2012.

_____

Minh Tran, Special Agent
United States Homeland Security Investigations